# CHARLESTON.

## REED v. PATTERSON.

### February 25, 1874.

A. files his bill praying for an injunction to restrain the sale, by a trustee, of a tract of land conveyed to secure the purchase money, alleging "that since the purchase was made, the plaintiff had caused a survey of the land to be made, and instead of there being fifteen hundred acres as represented, there were only nine hundred acres," and this being the only allegation in the bill, on the ground on which relief is asked.—HELD:

1. That the bill does not present sufficient equity, on its face, to justify the interference of a court of equity.

2. Upon a sale of a tract of land in gross, and not by the acre, the purchaser is not entitled to any abatement of the purchase money for a deficiency in the quantity of the land, there being no fraud, misrepresentation or mistake; and the evidence showing that the parties contemplated a probable deficiency in the number of acres specified in the deed, and that said number of acres was not relied upon by the parties as a material element in the purchase.

An appeal, by Robert Patterson, from a decree of the circuit court of Pleasants county, rendered on the 12th day of August, 1872. The complainants below were Joseph S. Reed, Robert R. R. Reno, David Swope, Arthur W. Reeves and M. Bachman ; and the respondents Robert Patterson and Harriet S., his wife, Philander S. Braford, Aaron R. Doutt and W. W. Hall, trustee.

The pleadings, exhibits and depositions taken in the suit were very voluminous ; but as the decision of the suit here turned upon the sufficiency of one allegation

in the bill, alone, to sustain the decree and that is sufficiently stated in the opinion of the Court, it is not deemed necessary to make a further statement of the case.

The Hon. George Loomis, judge of said circuit court, presided at the rendition of the decree from which the appeal was taken.

*Hutchinson & Johnson* for the appellant.

*Robert S. Blair,* for the appellees.

PAULL, JUDGE :

The bill in this case is filed by Joseph S. Reed and four, others as plaintiffs, against Robert Patterson and others, defendants, to enjoin a sale under a deed of trust, executed by the plaintiffs to secure the purchase money due upon the purchase of a tract of land in Pleasants county. The verbal contract had been executed, and a deed made, accepted and recorded by the vendees ; notes were given for the purchase money and a deed of trust made and recorded to secure their payment. The bill, after reciting the foregoing facts, and setting out the deed, deed of trust and the advertisement of sale by the trustee, contains the following allegation : "The complainants further say that they bought the said land believing that they were buying about that amount of land, (referring to the amount named in the deed, to-wit, 1500 acres) but on the 24th day of March, 1871, they caused J. M. Gallaher, surveyor of Pleasants county, to go upon the land in controversy and caused the same to be surveyed, and instead of there being 1,500 acres, as represented, there were only nine hundred and one acres, which makes a deficit of about six hundred acres." The prayer of the bill is that the trustee may be enjoined from selling, until all matters in controversy can be settled, and for such other, further and general relief, as to equity seems just and right. The only ground whatever presented in the bill for invoking the equitable interposition of the court, and staying the progress of the sale,

is found in the words, "and instead of there being one thousand five hundred acres, '*as represented*,' there were only nine hundred and one acres." This is all : it no where speaks of the facts and circumstances in which the contract originated ; it no where charges the defendants with making any representations whatever in regard to the number of acres contained in this tract of land ; much less with having made any false of fraudulent representations, or with having used any language of any kind, which would indicate that there had been a mutual mistake or misapprehension between the parties in regard to the subject matter of their contract ; nor is there any allegation that the sale was a sale by the acre, or that the quantity was a material element in the contract. The words '*as represented*,' above quoted from the bill, are not followed by the names of the plaintiffs, the vendors of the land or by the names of any other persons whomsoever. The words, therefore, are only properly referable to the deed, which conveys this land, and where, after describing the land, are found the following words : "And said to contain fifteen hundred acres, be the same more or less."

We think this bill, being entirely silent in all the particulars indicated, and presenting only the above single and ambiguous allegation, at the least, does not present sufficient equity on its face to justify the exercise of the high power of a court of equity in restraining a sale for the benefit of parties, to whom no fraud, misrepresentation, or mistake are imputed, touching the transaction, in any direct or positive manner.

There is nothing whatever which charges or indicates that the contract as now executed in the deed is in any respect different from what it was, or what it was designed to be, so far as these defendants are concerned. Story's Eq. Plead., 256.

The defendants, however, have answered the bill, and fully and explicitly denied all misrepresentations what-

34

ever in the inception of this contract; and going further they affirm that said sale was made in gross, and not by the acre, and that plaintiffs knew as much about the quantity of land contained within the boundaries named in said deed, as did the defendants. And to this answer there is a general replication and both parties proceed to take testimony.

We have carefully examined this evidence with the the view of seeing, whether in the event the cause was remanded, with leave to the plaintiffs to file an amended bill, they have adduced sufficient proofs of such grievance or wrong, on the part of the defendants, as would entitle them to relief.

We briefly state the result; the issue as made simply is, whether the defendants made such representations as to the quantity of acres in this tract of land, which proved to be untrue, as induced the plaintiffs to buy to their loss or injury.

Three of the plaintiffs, Reed, Reeves and Swope testify that Patterson, on or about the 11th of July, 1870, being the time when the verbal contract for the purchase of this land was made, did represent to them that there were at least one thousand five hundred acres in this tract of land.

On the other hand, P. S. Braford, one of the defendants testifies that said Patterson informed Bachman, one of the plaintiffs, in his presence, some time before the contract was made, that the quantity of land had been reduced by the Board of Supervisors from one thousand five hundred to one thousand two hundred acres, and there might be one thousand two hundred, or there might be one thousand more or less, he could not tell. Robert Patterson, one of the defendants testifies and sets forth with minuteness and detail, what he says, are the facts and circumstances connected with the making of this contract and denies all representations whatever.

The deposition of M. Bachman, one of the plaintiffs, is also taken by the defendants. He testifies that Patterson, one of the plaintiffs, told him before the notes and deed of trust were given, that the number of acres had been reduced by the commissioners from fifteen hundred acres to twelve hundred acres; that he had also learned from proceedings in another law suit, that the defendants here claimed that the quantity was less than fifteen hundred acres; it also seems from the deposition of James M. Gallaher, the surveyor, that he also informed said Bachman that the tract would not run out, probably one thousand acres. Bachman had learned these facts and communicated a knowledge of them to J. S. Reed, one of his partners in the purchase. Although the verbal negotiations for this purchase commenced in July, it was not finally consummated as it would seem from the evidence, for two or three months afterwards— the plaintiffs were in possession of the facts as above stated, before they executed their notes and the deed of trust to secure them, but still they consummated the purchase— the plaintiffs Reed and Bachman coming to the defendant Patterson sometime in September and telling him they desired to do so. Presuming this to be the best showing which the plaintiffs can make, even upon proper allegations in the bill, we think the evidence wholly fails to indicate that they are entitled to relief.

In the case before us, the contract has been executed. As we have seen, there is no allegation of fraud or misrepresentation on the part of the defendants found in the bill and none is proved. There is no allegation of mutual mistake between the parties, and none is proved. On the other hand it does appear that at least two of the parties who conducted the negotiations for this purchase, did know before the sale was consummated by giving their bonds and executing the deed of trust, that this tract contained not more than twelve hundred acres, at most, and possibly much less. From the period in July, 1870, down to September or October, 1870, during which

time the matter was still open, ample opportunity was afforded to ascertain the facts in every particular. Under these circumstances we are constrained to the belief, that they made the purchase of this land as in gross and not by the acre. The number of acres specified in the deed as fifteen hundred, is the same number, simply, that was specified in the deed to the defendants and which plaintiffs knew was not correct. We infer, therefore, from their conduct in the premises, and all the circumstances of the transaction, that it was their intention to purchase in this way, taking the hazard of the deficiency upon themselves, and to pay the gross amount agreed upon, for whatever quantity they might obtain.

The rule in such cases has been settled for many years. In *Joliffe v. Hite,* 1 Call. 301, it was *held,* if the vendor sells, and the vendee buys a tract of land for so many acres, more or less, and it turns out upon a survey that there is less than the estimated quantity, the buyer shall not be relieved in equity. So likewise *Peyton's Admx. v. Bradford's Exors.* 5 Leigh, 39; *Pendleton v. Stewart,* 5 Call. 1; *Fleet v. Hawkins,* 6 Munf. 188. In this last case, the court says : "With a full knowledge of all the circumstances, and as much knowledge as to the quantity as the appellant himself is shown to have had, the appellee entered into the contract, and his own construction thereof is shown to have corresponded with ours, by his agreeing in the deed accepted more than ten months afterwards to pay the gross sum resulting as aforesaid."

In this review of the evidence, we do not see that the plaintiffs have made out such a case, as entitles them to the relief which they seek ; and under the rule applied in the foregoing cases, the decree rendered in this cause on the 12th day of August, 1872, must be reversed with costs to the appellees, Robert Patterson and P. S. Braford, and this Court proceeding to render such judgment as the court below ought to have rendered, doth adjudge, order and decree that the bill be and the same is hereby dismissed and with costs to the defendants in the bill.

The other Judges concurred.

DECREE REVERSED AND BILL DISMISSED.